# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### CIVIL ACTION NO. 1:18-cv-881

| | | |
|---|---|---|
| RITRAMA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **DAMAGES, AND OTHER** |
| v. | ) | **RELIEF** |
| | ) | |
| TRIM USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ritrama, Inc. ("Ritrama" or "Plaintiff"), by and through its undersigned counsel, brings this action against Trim USA, Inc. ("Trim USA" or "Defendant"), and in support thereof avers as follows:

## NATURE OF THE ACTION

1.　Ritrama seeks damages in the amount of $106,158.40, for breach of contract, or alternatively, for unjust enrichment, for goods manufactured, sold and delivered to Trim USA, for which Trim USA has not paid.

## PARTIES

2.　Ritrama is a South Carolina corporation with its principal place of business at 1896 Moore Duncan Highway, Moore, SC 29639.

3.　Trim USA is a North Carolina corporation with its principal place of business at 3105 Big Oaks Drive, Tobaccoville, NC 27050.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and the parties are from different States.

5.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the Defendant is located within this judicial district.

## FACTUAL BACKGROUND

6.    Ritrama is a manufacturer and supplier of self-adhesive materials and labels.

7.    Trim USA purchased materials and labels (the "Goods") from Ritrama.

8.    Ritrama manufactured, sold, and delivered the Goods to Trim USA at a price of $106,158.40.

9.    Trim USA also executed a credit application wherein Trim USA agreed to pay Ritrama for the Goods as and when due. A true and correct copy of the credit application is attached hereto as "Exhibit A."

10.    A true and correct copy of invoices evidencing the sale of the Goods by Ritrama to Trim USA (the "Invoices") is attached hereto as "Exhibit B."

2

11.     Trim USA accepted delivery of the Goods, and made no objections to the Goods as defective or non-conforming within ten (10) days of receiving the Goods as required by the credit application.

12.     Between April 17, 2018 through August 7, 2018, Trim USA received the Invoices and did not object to them.

13.     Payment of the Invoices was due on various dates between June 1, 2018 through September 22, 2018.

14.     Trim USA failed to pay the past due balance of the Invoices, and accordingly Ritrama is owed $106,158.40 for the Goods.

15.     On September 25, 2018, Ritrama sent Trim USA a demand letter, seeking payment in full for the Goods. A true and correct copy of the demand letter is attached hereto as "Exhibit C."

16.     Payment of the Invoices remains due.

17.     Trim USA is liable to Ritrama in the amount of $106,158.40.

COUNT I: BREACH OF CONTRACT

18.     The averments contained in the above paragraphs are incorporated herein as if set forth in full.

19.     The agreement between Ritrama and Trim USA, wherein Ritrama was to manufacture and deliver the Goods to Trim USA, and in return Trim USA was to pay Ritrama, was a valid and binding contract.

3

20.     Ritrama manufactured and delivered the goods to Trim USA in accordance with the terms of the agreement.

21.     Ritrama has demanded that Trim USA pay the outstanding amounts due and owed for the Goods, but Trim USA has neglected, failed, and refused to pay.

22.     Trim USA's failure and refusal to pay Ritrama for the Goods pursuant to the agreement constitutes a material breach of contract on the part of Trim USA.

23.     As a direct and proximate result of Trim USA's breach of contract, Ritrama has been damaged.

## ALTERNATIVE COUNT II: UNJUST ENRICHMENT

24.     The averments contained in the above paragraphs are incorporated herein as if set forth in full.

25.     By virtue of the conduct set forth above, Ritrama has conferred benefits upon Trim USA in the form of the Goods valued at $106,158.40.

26.     Trim USA has not conferred a corresponding benefit upon Ritrama.

27.     Trim USA consciously accepted these benefits.

28.     The benefits were not conferred officiously or gratuitously.

29.     Trim USA has been unjustly enriched, and it would be unjust and inequitable for Trim USA to retain the value of the Goods sold pursuant to the agreement, without paying Ritrama.

4

## ALTERNATIVE COUNT III: ACCOUNT STATED

30.     The averments contained in the above paragraphs are incorporated herein by reference as if set forth in full.

31.     The transactions between Ritrama and Trim USA constitute a running account, and a balance remains due on the account.

32.     The balance due Ritrama is $106,158.40, and Ritrama has submitted the Invoices and a demand letter to Trim USA.

33.     Trim USA agreed to pay Ritrama for the Goods as and when due, and any objections to the Goods were due within ten (10) days of Trim USA receiving the goods in question. Trim USA did not object to the Goods within this ten (10) day timeframe.

34.     Trim USA has retained the Invoices for an unreasonably lengthy period of time without objecting to their accuracy.

35.     The agreement between Ritrama and Trim USA is account stated.

**WHEREFORE**, Plaintiff Ritrama prays that this Court enter judgment in its favor and against Defendant Trim USA as follows:

1.     That Ritrama be awarded damages in the amount of $106,158.40;

2.     That Ritrama be awarded its attorney's fees and costs; and

3.     That Ritrama be awarded such other and further relief that the Court deems appropriate.

5

Dated this 18th day of October, 2018.

Respectfully submitted,

CLARK HILL PLC

/s/ *Christopher B. Clare*
Christopher B. Clare (Bar No. 39582)
1001 Pennsylvania Avenue South
Suite 1300
Washington, D.C. 20004
tel (202) 572-8671
fax (202) 772-0919
cclare@clarkhill.com
Attorney for Plaintiff Ritrama, Inc.

6

220414152.2